**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Rockwell Capital Partners, et al.

Plaintiffs,

v.

CD International Enterprises, Inc., et al.

Defendants

Case No: 1:17-cv-1537

## VERIFIED ANSWER OF DEFENDANT YUEJIAN JAMES DR. WANG

Defendant Yuejian James Wang ("Dr. Wang"), by and through undersigned counsel, hereby files the instant Verified Answer and pleads as follows:

## ADMISSION AND DENIALS BY PARAGRAPH NUMBER

1. Admit to all the allegations in the first sentence. The allegations in the remainder of the instant paragraph pertain to counts in the proposed amended complaint that were not included in the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

2. Admit to all the allegations in the first sentence. The allegations in the remainder of the instant paragraph pertain to counts in the proposed amended complaint that were not included in the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

3. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

4. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

5. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

6. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

7. Admit.

8. Deny to the extent that "Plaintiffs' claims" refers to Counts I and II of the proposed amended complaint, which were excluded from the amended complaint pursuant to the Court's Order dated April 27, 2018 (Doc. No. 27).

9. Dr. Wang lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegation.

10. Dr. Wang lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegation.

11. Dr. Wang admits CD International Enterprises, Inc. ("CDII") is a Florida corporation, but in further answer states CDII is inactive with no principal place of business.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit as to the first sentence. Dr. Wang lacks knowledge or information sufficient to form a belief about the truth of the remainder of the paragraph.

19. Admit.

20. Admit.

21. Admit that CDII sought a potential purchaser of the Tung Convertible Note. Deny the remainder of the paragraph and further state that Oshana was introduced (telephonically) to Dr. Wang.

22. Deny, and further state that Rockwell was introduced to CDII and was seeking to purchase aged promissory notes.

23. Admit that Rockwell agreed to purchase the Tung Convertible Note as of September 29, 2015. Deny the remainder of the paragraph.

24. Admit.

25. Admit.

26. Admit that CDII voluntarily entered into the transaction, and further state that CDII understood, pursuant to discussions with Rockwell, that Rockwell could not liquidate CDII shares

without first seeking reimbursement, giving CDII the option to meet Rockwell's call as opposed to having Rockwell engage in reckless forced sales of CDII common stock. Admit that Dr. Wang agreed to the transaction on behalf of CDII. Deny the remainder of the paragraph.

27. Deny, and further state that, among other benefits Rockwell received in comparison to the Tung Convertible Note, the December 31, 2015 maturity date was changed to "ON DEMAND," and Rockwell received an increased discounted market price on common stock from 15% to 40% at the lowest closing price of the common stock during the ten (10) day period preceding the conversion date.

28. Deny.

29. Admit that the Rockwell Convertible Note provided Rockwell with an option to convert up to 100% of CDII's debt into equity at a 40% discount of the lowest closing price of CDII's common stock during the ten trading day period preceding the conversion date. Deny the characterization of the terms of the Rockwell Convertible Note as "benefits" to CDII and Dr. Wang.

30. Admit.

31. Admit that CDII sent a letter to Colonial containing the alleged terms, and further state that the foregoing letter was prepared by Rockwell and presented to CDII on a take-it-or-leave-it basis, to circumvent certain provisions of SEC Rule 144.

32. Admit.

33. Admit that the foregoing letter contains the alleged terms, but further state that Rockwell prepared the letter and presented it to Dr. Wang to provide to Colonial.

34. Admit that the foregoing letter contains the alleged statements and header, but further state that Rockwell prepared the letter and presented it to Dr. Wang to provide to Colonial.

35.  Admit.

36.  The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

37.  The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

38.  Admit as to the first sentence.  The allegations in the remainder of the paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

39.  Admit.

40.  The phrase "drop in the value of CDII's remaining shares" is ambiguous in that it could mean a drop in the monetary value of CDII's remaining shares, or it could also mean a drop in the number of CDII's remaining shares. Without a more definite statement as to the allegations in the instant paragraph Dr. Wang lacks knowledge or information sufficient to form a belief about the truth of the allegations in the instant paragraph and they should be considered denied pursuant to FRCP 8(b)(5).

41.  The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

42. Deny, and further state that CDII reserved 220,000,000 shares for Rockwell, which was approximately four times the amount of the Principal Balance and accrued interest under the Rockwell Convertible Note

43. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

44. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

45. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

46. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

47. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

48. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

49. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

50. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

51. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

52. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

53. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

54. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

55. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

56. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

57. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

58. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

59. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

60. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

61. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

62. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

63. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

64. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

65. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

66. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

67. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

68. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

69. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

70. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

71. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

72. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

73. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

74. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

75. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

76. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

77. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

78. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

79. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

80. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

81. Dr. Wang incorporates all prior responses as though fully stated herein.

82. Admit that the Rockwell Convertible note generally stated that Rockwell could convert 100% of a $600,000 Principal Balance together with $214,000 of accrued interest and any fees or charges under the note. Deny the characterization the Rockwell Convertible created a reasonable expectation on the part of Plaintiffs.

83. Deny, and further state that CDII reserved 220,000,000 shares for Rockwell, which was approximately four times the amount of the Principal Balance and accrued interest under the Rockwell Convertible Note.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny that Plaintiffs have suffered or are entitled to any damages.

90. Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

91. Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

92. Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

93.  Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

94.  Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

95.  Dr. Wang is not named as a party as to the Second Claim and therefore no responsive pleading is required.

96.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required

97.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required

98.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required.

99.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required

100.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required.

101.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required.

102.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required.

103.  Dr. Wang is not named as a party as to the Third Claim and therefore no responsive pleading is required.

104. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

105. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

106. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

107. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

108. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

109. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018

Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

110. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

111. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

112. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

113. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

114. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

115. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

116. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

117. The allegations in the instant paragraph pertain to counts in the proposed amended complaint that were excluded from the amended complaint pursuant the Court's April 27, 2018 Order (Doc. No. 27); therefore, no responsive pleading is required and the foregoing allegations should be considered to be denied pursuant to FRCP 8(b)(6).

WHEREFORE, Dr. Wang denies that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

Dr. Wang pleads the following affirmative defenses:

- Improper service of process;
- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;

- fraud;

- illegality;

- injury by fellow servant;

- laches;

- license;

- payment;

- release;

- res judicata;

- statute of frauds;

- statute of limitations; and

- waiver.

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim against Dr. Wang and failed to effectuate proper service of process upon Dr. Wang. Dr. Wang prays for the amended complaint to be DISMISSED WITH PREJUDICE IN ITS ENTIRETY against Dr. Wang or judgment on the pleadings must be ENTERED in Dr. Wang's favor, fees, costs, expenses, and reasonable attorney's fees.

Respectfully submitted,

/s/ Gregory A. Dorsey
Gregory A. Dorsey
Bar No. MD0047
Kelly Dorsey, P.C.
10320 Little Patuxent Parkway
Suite 608
Columbia, Maryland 21044
Telephone: (410) 740-8750
Facsimile: (443) 542-0069
gdorsey@kellydorseylaw.com

*Attorneys for Defendant Yuejian James Wang*

**VERIFICATION**

I hereby verify under oath and the penalties of perjury that the foregoing factual responsive pleadings are true and correct to the best of my personal knowledge.

5/10/2019

Date

Dr. Yuejian James Wang