**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Rockwell Capital Partners, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CD International Enterprises, Inc., et al. | ) |
| | ) Case No: 1:17-cv-1537 |
| | ) |
| Defendants | ) |

**STATEMENT OF SPECIFIC POINTS OF LAW AND AUTHORITY SUPPORTING DEFENDANT YUEJIAN JAMES WANG'S MOTION TO VACATE ORDER OF DEFAULT AND DEFER DOCKETING OF ACCOMPANYING VERIFIED ANSWER TO AMENDED COMPLAINT UNTIL DISPOSITION OF RULE 12 MOTIONS OR THE FILING OF A LINE INDICATING NO RULE 12 MOTIONS WILL BE FILED**

Defendant Yuejian James Wang ("Dr. Wang"), by and through undersigned counsel, hereby files the instant motion pursuant to Federal Rule 55(c) and Local Rule 7(g). As established *infra* and in Dr. Wang's Verified Answer, attached to the underlying motion, the Court's order of default dated April 8, 2019 (the "Default Order") must be vacated because (a) Dr. Wang had good cause for not responding to the Amended Complaint, as Plaintiffs failed to properly serve Dr. Wang with process; (b) the Verified Answer establishes a meritorious defense to Plaintiffs' standing claim (Claim One) against Dr. Wang; and (c) Plaintiffs will suffer no prejudice if the Default Order is vacated.

While Local Rule 7(g) requires a verified answer to accompany a motion to vacate an entry of default, the Court cannot yet assert jurisdiction over Dr. Wang because he did not receive service of process and has not had the opportunity to file a Rule 12 dispositive motion. Therefore, out of fairness to Dr. Wang and in the interest of justice, the Court should either (i) dismiss this action against Dr. Wang because of ineffective service of process or (ii) defer docketing the Verified

Answer accompanying the underlying motion until disposition of any Rule 12 motion Dr. Wang may file or upon Dr. Wang filing a line indicating he will file no such motion.

## FACTS

1.     On April 6, 2018, Plaintiffs filed a Motion for Leave to File Amended Complaint (Doc. No. 23) to include Dr. Wang as a Defendant in this action.

2.     On April 27, 2018, the Court issued an order (Doc. No. 27) granting in part and denying in part Plaintiffs' Motion for Leave to File Amended Complaint. The Court denied the motion regarding Plaintiffs' abuse of process and malicious prosecution, holding that they were futile, and granted the motion with respect to Plaintiffs' tortious interference claim. The Court directed that "the parties" to "file supplemental briefing and any declarations or other evidence on the question of whether the bankruptcy stay pursuant to 11 U.S.C. § 362 should apply to claims against Mr. Wang."

3.     On July 27, 2018, Plaintiffs filed a Request for Summons to Issue for Dr. Wang and a proposed amended complaint including Dr. Wang as a defendant. However, Plaintiffs failed to abide by the Court's April 27, 2018 Order and plead claims of malicious prosecution and abuse of process against Dr. Yang in its proposed amended complaint.

4.     Despite receiving a summons for Dr. Wang on July 27, 2018, Plaintiffs failed to serve Dr. Wang with process for a number of months without seeking a renewal of summons. On November 26, 2018, the Court ordered Plaintiffs to show cause in writing by November 30, 2018 "why the claims against Mr. Wang should not be dismissed for failure to effectuate service." (Minute Order to Show Cause dated November 26, 2018.)

5.     On November 30, 2018, Plaintiffs filed a response to the order to show cause (Doc. No. 39) stating that it "is not proper for Rockwell to effect service on Wang until the Court

determines whether or not the automatic stay applies to Wang." However, Plaintiffs provided no explanation why it requested a summons against Dr. Wang after Defendant CD International Enterprises, Inc. ("CDII") filed a Notice of Suggestion of Bankruptcy on February 7, 2018 (Doc. No. 18).

6. On December 3, 2018, the Court ordered that "Plaintiffs may effectuate service on Mr. Wang on or before Thursday, January 17, 2019 to allow him an opportunity to respond to the amended complaint." (Minute Order dated December 3, 2018.)

7. However, contrary to the Court's December 3, 2018 Order, Plaintiffs did not deliver by certified mail the amended complaint and summons until February 26, 2019. (Doc. 41.)

8. Plaintiffs caused delivery of process to "Yuejian James Wang[,] 17815 Cadena Drive[,] Boca Raton, FL 33433" (the "Boca Raton Address").

9. Dr. Wang's primary residence is 101 S.E. Ocean Drive, Penthouse 504, Deerfield Beach, Florida, 33441 (the "Primary Residence"). Dr. Wang owns a condominium located at the Boca Raton Address. However, as of February 26, 2019, neither Dr. Wang nor his family were residing or staying at the Boca Raton Address. Rather, they were residing at the Primary Residence or were traveling. (Wang Affidavit, attached hereto as Exhibit A, ¶¶ 4, 5).

10. Dr. Wang never received service of process as stated in Plaintiffs' Affidavit In Support of Default (Doc. No. 41). (Ex. A ¶ 7).

11. Dr. Wang was not aware of anyone residing or staying at the Boca Raton Address as of February 26, 2019. Dr. Wang does not recognize the signature that appears on the Certified Mail return receipt included in Document Number 41. Aside from Dr. Wang, only Dr. Wang's wife, Lei Li, had access of entry to the Boca Raton Address; however, she was residing at the

Primary Residence or traveling with Dr. Wang as of February 26, 2019, and the signature on the Certified Mail return receipt is not hers or Dr. Wang's. (Ex. A at ¶¶ 3-9).

## LEGAL STANDARD AND ARGUMENT

"Generally, default is disfavored because courts have a preference for resolving disputes on their merits." *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014) (internal quotation marks and citation omitted). "To set aside the removed entry of default, the [district court] applies the same test used for defaults in federal courts." *Id.* "Under the Federal Rules of Civil Procedure, a district court can at its discretion vacate an entry of default pursuant to Rule 55(c) for good cause shown[;] the standard is more lenient than the standard for vacating a default judgment under Rule 60(b) [of the Federal Rules of Civil Procedure]." *Id.* (internal quotation marks and citation omitted). "In deciding whether to set aside an entry of default, the court should consider (1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the alleged defense is meritorious." *Id.* (internal quotation marks and citation omitted).

This Court has acknowledged that "[d]efault cannot be entered where there was insufficient service of process." *Id.* (citing *Scott v. District of Columbia*, 598 F.Supp.2d 30, 36 (D.D.C.2009)). Plaintiffs were required to effectuate service of process upon Dr. Wang in one of three ways: "(A) delivering a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." D.C. Super. Ct. R. Civ. P. 4.

Here, Plaintiffs failed to serve process in accordance with any of the foregoing options by certified mail. As stated *supra* and in Exhibit A, Dr. Wang did not personally receive service of

process on February 26, 2019.  Moreover, nobody of suitable age and discretion was residing at the Boca Raton Address as of February 26, 2019.  Plaintiffs provide no evidence as to the identity or address of residence of the person who signed the Certified Mail return receipt, nor do they provide evidence of where that person obtained and signed the return receipt.  Furthermore, neither Dr. Wang nor his wife, Ms. Li, signed the return receipt.  (Ex. A ¶ 8.)  Finally, Plaintiffs failed to comply with the Court's Minute Order dated December 3, 2018 and effectuated delivery well after January 17, 2019.

For the foregoing reasons, Plaintiffs failed to effectuate service of process on Dr. Wang, Dr. Wang's default was not willful, and Dr. Wang had good cause to not file a response to the amended complaint.  *Darby*, 307 F.R.D. at 257 (vacating default order and holding good cause was shown where defendant failed to effectuate service of process).

Regarding the second consideration, a plaintiff is not prejudiced where the plaintiff "did not comply with the applicable rules [governing service of process]." *Id.* (internal quotation marks and citation omitted).

Regarding the third consideration, "[i]n determining the existence of a meritorious defense, likelihood of success is not the measure." *Id.* (internal quotation marks and citation omitted). Rather, Defendant's allegations "are meritorious if they contain even a hint of a suggestion which, if proven, would constitute a complete defense." *Id.* (internal quotation marks and citation omitted.)  "[E]ven broad and conclusory allegations meet the meritorious defense criterion for setting aside the default." *Id.* (internal quotation marks and citation omitted).

Here, Dr. Wang attaches to the underlying motion a Verified Answer in which Dr. Wang denies all liability to Claim One (Tortious Interference), and provides a factual basis for his defense that CDII reserved approximately four times the amount of the Rockwell Convertible Note,

thereby ensuring that Rockwell would be able to convert the entirety of the note amount into equity.  Dr. Wang is not named as a defendant to Claims Two and Three.  The Court has already ordered Counts Four and Five (Abuse of Process and Malicious Prosecution) to be excluded from an amended complaint against Dr. Wang as futile.  Therefore, Dr. Wang has shown a meritorious defense to all applicable claims against him.

## **CONCLUSION**

For the foregoing reasons, the Court must VACATE the default order against Dr. Wang and should (i) dismiss this action against Dr. Wang because of ineffective service of process or (ii) defer the docketing of the Verified Answer accompanying the motion to vacate until disposition of any Rule 12 motion or Dr. Wang files a line stating he will not file a Rule 12 motion.

Dated: May 14, 2019

Respectfully submitted,

/s/ Gregory A. Dorsey
Gregory A. Dorsey
Bar No. MD0047
Kelly Dorsey, P.C.
10320 Little Patuxent Parkway
Suite 608
Columbia, Maryland 21044
Telephone: (410) 740-8750
Facsimile: (443) 542-0069
gdorsey@kellydorseylaw.com

*Attorneys for Defendant Yuejian James Wang*