UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKWELL CAPITAL PARTNERS, INC., and SAMUEL OSHANA,<br><br>        Plaintiffs,<br><br>-against-<br><br>CD INTERNATIONAL ENTERPRISES, INC., HENRY L. KLEIN, and YUEIJAN JAMES WANG,<br><br>        Defendants. | **DECLARATION OF NICOLE A. SULLIVAN IN SUPPORT OF MOTION TO LIFT THE STAY OF PROCEEDINGS AGAINST CDII**<br><br>Civil Action No. 1:17-cv-1537<br><br>Hon. Christopher R. Cooper |

  **NICOLE A. SULLIVAN**, an attorney duly admitted *pro hac* to practice law before the United States District Court for the District of Columbia, declares under penalty of perjury that the following is true and correct:

  1. I am a partner with the law firm of White and Williams LLP, counsel to Plaintiffs Rockwell Capital Partners, Inc. and Samuel Oshana (collectively, "Rockwell") in the above-captioned proceeding.

  2. I submit this declaration in support of Rockwell's motion to lift the stay of proceedings currently in effect against CD International, Enterprises, Inc. ("CDII"). I am familiar with the facts set forth herein based upon my own personal knowledge and upon my review of the records and materials produced in and relevant to this action.

  3. For the reasons set forth herein, this Court should lift the stay of proceedings against CDII currently in effect and permit Rockwell's claims against the corporation to proceed. An automatic stay under Bankruptcy Code 11 U.S.C. § 362 remains in effect only until the case is closed. In light of the dismissal of CDII's Chapter 7 case from bankruptcy and the closure of the case on April 22, 2019, the automatic stay is no longer in effect, rendering any further stay of proceedings against CDII unnecessary.

4. This action involves allegations of tortious interference, breach of contract and breach of implied duty of good faith against CDII and Yueijan James Wang ("Wang," together with CDII, "Defendants") based on their willful disregard for the rights of Rockwell.

5. On or about December 7, 2017, shortly after the Complaint in this action was filed, CDII filed a Chapter 7 Voluntary Petition for Bankruptcy in the U.S. Bankruptcy Court of the Southern District of Florida, a true and correct copy of which is annexed hereto as Exhibit "A."

6. Subsequently, on February 7, 2018, CDII filed a "Suggestion of Bankruptcy" in this action, thus triggering the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. Docket Number ("D.N.") 18. In an Order, dated April 27, 2018, this Court determined that, "[b]y operation of the automatic stay, none of Rockwell's [] claims may proceed against CDII." A true and correct copy of this Court's April 27, 2018 Order is annexed hereto as Exhibit "B."

7. However, since that time, on April 22, 2019, the Honorable Judge John K. Olson in the U.S. Bankruptcy Court of the Southern District of Florida issued an Order dismissing the action, discharging the trustee and closing the case. A true and correct copy of the Bankruptcy Order is annexed hereto as Exhibit "C."

8. On September 3, 2019, counsel for Rockwell and Wang appeared before this Court for an Initial Scheduling Conference. Despite being discharged from bankruptcy, CDII did not make any appearance on that date. During the conference, Your Honor inquired whether CDII intended to defend itself against the claims asserted in this litigation. In an abundance of caution and in an attempt to have discovery proceed against all parties collectively, Your Honor then stayed discovery of all deadlines for thirty (30) days and instructed Rockwell to move to lift the stay against CDII. A true and correct copy of the Docket is annexed hereto as Exhibit "D."

9. In accordance with Your Honor's instructions, Rockwell now respectfully submits that this Court should lift its stay of the proceedings against CDII effect and permit Rockwell to pursue its claims against the corporation.

10. It is well-established that, pursuant to 11 U.S.C. 362(c)(2)(A), the closing of a bankruptcy case terminates the automatic stay. *See e.g., Peare v. Jackson*, 777 A.2d 822, 824 (D.C. 2001) ("The stay remains in effect until the bankruptcy court lifts it, see 11 U.S.C. § 362 (d)-(f), or the bankruptcy case ends."); *In re Witaschek*, 2018 Bankr. LEXIS 1472, at *2 (Bankr. D.D.C. May 16, 2018) (determining that "the closing of the case terminated the automatic stay as to any other acts").

11. Given that CDII's bankruptcy case ended on April 22, 2019, the automatic stay is no longer in effect and proceedings against CDII should be permitted to proceed.

WHEREFORE, Rockwell respectfully requests that its Motion be granted in its entirety.

Dated: October 3, 2019

_____
Nicole A. Sullivan